## Complaint of PUROLATOR CARRIER CORPORATION
Docket No. 770147-CCT (MT). Order No. 13728
Florida Public Service Commission
August 16, 1977

Ansley Watson, Jr., Tampa, for Purolator Carrier Corporation.

David W. Carstetter, Jr., Jacksonville, for Brink's Incorporated of Florida.

The following commissioners participated in the disposition of this matter — PAULA F. HAWKINS, Chairman and Commissioners WILLIAM H. BEVIS and WILLIAM T. MAYO.

BY THE COMMISSION.

On February 7, 1977, Purolator Carrier Corporation, holder of Certificate of Public Convenience and Necessity No. 1020, filed with this commission a complaint alleging Brink's, Incorporated of Florida, holder of Certificate of Public Convenience and Necessity No. 448 had exceeded the authority granted to it under said certificate. The complaint stated the transportation of certain commodities, to wit, "business and commercial records, audit and accounting media, data processing materials, and blank, preprinted and microencoded checks," constituted transportation in excess of the authority contained in Brink's Certificate No. 448.

Brink's, Inc. of Florida was duly notified of the complaint and on March 18, 1977, motions for more definite statement and to dismiss were filed by defendant Brink's. These motions were argued before the commission on May 23, 1977, and, on June 28, 1977, the motion for more definite statement was denied by Order Number 13621 and the motion to dismiss was deferred until after public hearing on this matter.

On April 1, 1977, Purolator served interrogatories on defendant Brink's and on April 28, Brink's filed its response, with interrogatories numbers 4, 13, 14, 15, and 16 answered "objected to as irrelevant and improper." Thereupon on June 15, 1977, Purolator filed a motion for an order compelling answers to interrogatories and Brink's filed, on July 18, 1977, a memorandum objecting to said motion and stating reason for objections.

Florida Public Service Commission Rule 25-2.102 provides that —

> "Any party to a formal proceeding before the commission may serve interrogatories upon any other party to the same extent, in the same manner, and for the same purpose as authorized by the Florida Rules of Civil Procedure."

Florida Rules of Civil Procedure 1.340(b) describes the scope of interrogatories as follows —

> "Interrogatories may relate to matters that can be inquired into under Rule 1.280(b) . . ."

Rule 1.280(b) in turn provides —

> ". . . Parties may obtain discovery regarding any matter, not privileged, that is relevant to the *subject matter* of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. . . . It is not ground for objection that the information sought will be inadmissible at trial if the information sought *appears reasonably calculated to lead to the discovery of admissible evidence."*
> (Italics added.)

The commission concludes that the information sought in each of the interrogatory questions under consideration is relevant to the subject matter of this application and to the hearing to be held thereon.

Therefore, in consideration therof, it is ordered that the complainant's motion for order compelling answers to interrogatories be and the same is hereby granted.

It is further ordered that Brink's, Incorporated of Florida answer Question Nos. 4, 13, 14, 15 and 16 as postulated to them by complainant Purolator Carrier Corporation in the latter's interrogatories certified as of April 28, 1977.